JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AMANDA BORTZ & DAVID BORTZ, H/W

**DEFENDANTS**
KALAHARI RESORTS & CONVENTIONS & KALAHARI RESORTS PA, LLC 250 KALAHARI BLVD., POCONO MANOR, PA 18349 & 919 N. MARKET ST. STE. 950, WILMINGTON, DELAWARE 19801

**(b)** County of Residence of First Listed Plaintiff   CARROLL COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MONROE COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

480 CHARTER COURT, WESTMINSTER, MARYLAND 21157

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
WILLIAM P. FEDULLO, ESQUIRE - 1528 WALNUT STREET, SUITE 400, PHILADELPHIA, PA  19102 - (215) 235-6500
E-MAIL:  williamfedullo@gmail.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [X] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [X] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC SS1332
Brief description of cause:
INJURY ON WATER SLIDE.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
EXCESS OF $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
DECEMBER 23, 2020

SIGNATURE OF ATTORNEY OF RECORD
WILLIAM P. FEDULLO, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___480 CHARTER COURT, WESTMINSTER, MARYLAND  21157___

Address of Defendant: ___250 KALAHARI BOULEVARD, POCONO MANOR, 18349___

Place of Accident, Incident or Transaction: ___250 KALAHARI BOULEVARD, POCONO MANOR, PA  18349- D/A: 12/27/2018___

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this a case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/23/2020          _____          23681
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☑ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___WILLIAM P. FEDULLO___, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 12/23/2020          _____          23681
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **AMANDA BORTZ AND** :<br>**DAVID BORTZ, H/W** :<br>**480 CHARTER COURT** :<br>**WESTMINSTER, MARYLAND 21157** :<br>           *PLAINTIFFS* :<br>**VS.** :<br>    :<br>**KALAHARI RESORTS AND CONVENTIONS** :<br>**250 KALAHARI BOULEVARD** :<br>**POCONO MANOR, PA 18349** :<br>           *DEFENDANT* :<br>    **AND** :<br>    :<br>**KALAHARI RESORTS PA, LLC** :<br>**919 NORTH MARKET STREET** :<br>**SUITE 950** :<br>**WILMINGTON, DELAWARE 19801** :<br>           *DEFENDANT* :<br>    : | **CIVIL ACTION -**<br>**NO.**<br><br><br><br><br><br><br><br><br><br><br><br>***JURY TRIAL DEMANDED*** |

## CIVIL ACTION - COMPLAINT

1.)    Plaintiff, Amanda Bortz is an individual and citizen of the State of Maryland with her current address being 480 Charter Court, Westminster, Maryland 21157.

2.)    Plaintiff, David Bortz is the husband of Amanda Bortz and is an individual and citizen of the State of Maryland with his current address being 480 Charter Court, Westminster, Maryland 21157.

3.)    Defendant, Kalahari Resorts PA, LLC, a/k/a Kalahari Resorts and Conventions is a limited liability company, with a  corporation address of 919 North Market Street, Suite 950, Wilmington, Delaware 19801 with a business address of 250 Kalahari Boulevard, Pocono Manor, PA 18349 (hereinafter referred to as "Kalahari").

-2-

4.)     This Court has jurisdiction of this matter by virtue of the Diverse Citizenship

of the parties and that the amount in controversy exceeds $75,000.00 pursuant to 28 U.S.C.

SS1332.

5.)     At all times relevant, Defendant acted or failed to act through its

authorized servants and/or employees acting on its business and within the course and scope of

their authority.

6.)     Defendant, Kalahari advertises itself as "America's Largest Indoor

Waterparks, Resorts and Convention Centers".  Kalahari advertises "The

getaway boasts hair-raising water slides, world-class spas, kids' play areas and diverse dining

options. Go ahead, make everyone's day."

7.)     On December 2, 2018, Amanda Bortz and her husband, David Bortz, along

with their children, C. and D., checked in for their stay at Kalahari, 250 Kalahari Boulevard,

Pocono Manor, Pennsylvania 18349.

8.)     Amanda Bortz indicates the stay was to be from December 26, 2018 to

December 28, 2018.  The check-in time took approximately 3 hours due to the rooms not being

available because the resort was short-staffed.

9.)     On December 27, 2018, Amanda Bortz was accompanied by C. Bortz

to the water slide in question which was called "Screaming Hyena."  The slide in question was

being monitored by a Kalahari employee who was also monitoring five other slides.  This

employee told Amanda to follow the picture instructions and go when the light was green.

-3-

10.)     Amanda Bortz assisted C. Bortz with the correct positioning of his body on "Screaming Hyena" and C. went down the slide without incident.

11.)     Amanda Bortz positioned herself as instructed on "Screaming Hyena" and asked the employee if she was in the proper position.  The employee told Amanda Bortz that she was in the proper position.  Amanda Bortz then awaited the light to turn green and went down the water slide.  As she went down the water slide in the position she was instructed to assume, she became airborne.  Her body left the slide and then returned into the slide slamming her left elbow on the tube.

12.)     Amanda Bortz had instant pain as a result of her injury and had difficulty getting out of the slide.  David Bortz and C. Bortz assisted Amanda off the slide asking if she was alright.  She went to her chair to rest while the others swam in the pool.  Although it was apparent that the life guard could hear the Bortz family discussing Amanda's injury, he made no effort to assist her.

13.)     Amanda Bortz and her family returned to their room where she iced her arm and rested for a few hours.  She took Ibuprofen and then returned to the water park that evening.  She returned because her 9 year old and 6 year old wanted to go back.

14.)     Amanda Bortz went back to the waterpark and went to the first aid area where she was treated rudely and then left.  She returned to her room where she kept her arm elevated and iced it throughout the night.

-4-

15.)     Amanda Bortz and her family checked-out of the hotel on the morning of

December 28, 2018.  Amanda contacted the hotel and explained how the injury had occurred.

She spoke with a woman by the name of Stephanie who was the manager and Stephanie told

Amanda that she (Stephanie) would be filing a claim and that Amanda would be contacted and

that she would upgrade the room if Amanda's family choose to stay there again.  Stephanie

apologized for how short staffed they were and stated that it was because of the holidays.

16.)     Amanda Bortz went to her local Urgent Care on Saturday, December 29,

2018.  She received an X-ray and was instructed to follow-up with her Orthopedist.  Since

December 29, 2018, she visited her hand specialist a number of times.  She has had injections,

worn a wrist brace for 6 weeks to avoid moving the tendons in her elbow and had an MRI.

17.)     On July 29, 2019, Amanda Bortz had hand surgery performed by

Christopher Forthman, M.D., to correct the elbow fracture and extended tendon in her left arm

that was caused by Defendant's negligence.

18.)     The Plaintiff, Amanda Bortz has incurred significant expense in the

treatment of her injury.

19.)     The Plaintiff, Amanda Bortz has missed significant time from work in

attending to cure and recover from her injury.

-5-

20.)    The Plaintiff, Amanda Bortz has been unable to go about her daily routines as a result of her injury.

## COUNT I
## NEGLIGENCE:

## PLAINTIFF, AMANDA BORTZ VS. KALAHARI RESORTS AND CONVENTIONS:

21.)    Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 20 as if fully set forth at length herein.

22.)    At all times relevant hereto, Plaintiff, Amanda Bortz was a business invitee of Defendant.

23.)    Based upon information and belief, at all relevant times before the accident of December 27, 2018, Defendants knew or should have known through reasonable inspection and/or testing, directly or through their employees, servants, agents or otherwise that a subject slide was dangerous for its intended use and that individuals such as Plaintiff would become airborne and then slam back into the slide causing injuries such as occurred to the Plaintiff.

24.)    The Defendant owed a duty to Plaintiff who was a business invitee of all the dangers involved in riding the water slide.

-6-

25.)    The Defendant's failure to warn Plaintiff of all the hidden dangers was a proximate cause of the injury to the Plaintiff.

26.)    The Plaintiff suffered actual injuries as a result of the breach of duty of Defendant.

27.)    The aforementioned incident and resulting injuries and damages sustained by Plaintiff, Amanda Bortz, directly and proximately resulted from the negligence, carelessness, recklessness and/or unlawfulness of Defendant and consisted of, but was not limited to the following:

A.)    Failing to regard the rights, safety and position of the Plaintiff in and about the area of the above-mentioned accident.

B.)    Failing to abide by the Codes of the Division of Occupational Safety and other codes pertaining to care, maintenance and use of water slides.

C.)    Permitting a dangerous condition to exist of, on or about Defendant's premises where the Defendant knew or should have known that persons would be subject to sustaining injury.

D.)    Failing to inspect, maintain and/or repair the aforesaid water slide in a reasonable, adequate and prudent manner.

E)    Failing to disclose prior accidents on the aforesaid water slide and similar water slides that Defendants maintained.

F.)    Failing to issue adequate warning, verbal, written, actual and/or constructive, to person who would likely encounter the dangerous condition that existed on Defendant's premises and more particularly on Defendant's water slide that was the proximate cause of Plaintiff's aforesaid accident.

-7-

G.)   Failing to have in their employ, people who understood and could explain the dangers of the water slide and particularly "Screaming Hyena."

H.)   Failing to post adequate warning signs, warning and protocols in an effort to alert invitees of the dangerous condition(s) that existed.

I.)   Failing to address in a timely manner prior complaints about the water slide prior to Plaintiff's injury.

J.)   Violating various ordinances regulations, codes, rules, statutes and/or laws of Monroe County of the Commonwealth of Pennsylvania and Federal Government: and/or

K.)   Acting negligently, carelessly, recklessly under circumstances where knowledge of such is within the exclusive knowledge of Defendant and that will be learning through discovery.

L.)   As a direct and proximate result of the aforementioned incident and the resulting injuries and damages, Plaintiff, Amanda Bortz, sustained serious and severe injuries to her left arm and elbow, resulting in several injections and ultimately surgery on July 29, 2019, humiliation, emotional and psychological pain and suffering, emotional distress, possible accelerated arthritis, physical pain and suffering, scarring, weakness, embarrassment and disfigurement - all of which injuries and damages are and/or may be permanent in nature.

M.)   As a direct and proximate result of the aforementioned incident and resulting injuries and damages.  Plaintiff, Amanda Bortz suffered and/or suffers and/or will continue to suffer in the future a loss of earnings and her earning power has been and/or may be diminished and lessened.

-8-

N.)    As a direct and proximate result of the aforementioned incident and resulting damages, Plaintiff, Amanda Bortz, has incurred and may incur future medical expenses and income losses she may be entitled to recover.

WHEREFORE, Plaintiff, Amanda Bortz demands against Defendant, Kalahari Resorts and Conventions damages in excess of $75,000.00 exclusive of costs, interest, delay damages, and other such relief as this Honorable Court may deem just and proper.

## COUNT II:
## NEGLIGENCE:

### PLAINTIFF, AMANDA BORTZ V. KALAHARI RESORTS PA, LLC

28.)    Paragraphs 1 though 27 of this Complaint are incorporated herein by reference as though fully set forth at length.

29.)    At all times relevant hereto, Plaintiff, Amanda Bortz was a business invitee of Defendant.

30.)    Based upon information and belief, at all relevant times before the accident of December 27, 2018, Defendants knew or should have known through reasonable inspection and/or testing, directly or through their employees, servants, agents or otherwise that a subject slide was dangerous for its intended use and that individuals such as Plaintiff would become airborne and then slam back into the slide causing injuries such as occurred to the Plaintiff.

31.)    The Defendant owed a duty to Plaintiff who was a business invitee of all the dangers involved in riding the water slide.

-9-

32.)    The Defendant's failure to warn Plaintiff of all the hidden dangers was a proximate cause of the injury to the Plaintiff.

33.)    The Plaintiff suffered actual injuries as a result of the breach of duty of Defendant.

34.)    The aforementioned incident and resulting injuries and damages sustained by Plaintiff, Amanda Bortz, directly and proximately resulted from the negligence, carelessness, recklessness and/or unlawfulness of Defendant and consisted of, but was not limited to the following:

      A.)    Failing to regard the rights, safety and position of the Plaintiff in and about the area of the above-mentioned accident.

      B.)    Failing to abide by the Codes of the Division of Occupational Safety and other codes pertaining to care, maintenance and use of water slides.

      C.)    Permitting a dangerous condition to exist of, on or about Defendant's premises where the Defendant knew or should have known that persons would be subject to sustaining injury.

      D.)    Failing to inspect, maintain and/or repair the aforesaid water slide in a reasonable, adequate and prudent manner.

      E)    Failing to disclose prior accidents on the aforesaid water slide and similar water slides that Defendants maintained.

      F.)    Failing to issue adequate warning, verbal, written, actual and/or constructive, to person who would likely encounter the dangerous condition that existed on Defendant's premises and more particularly on Defendant's water slide that was the proximate cause of Plaintiff's aforesaid accident.

-10-

G.)    Failing to have in their employ, people who understood and could explain the dangers of the water slide and particularly "Screaming Hyena."

H.)    Failing to post adequate warning signs, warning and protocols in an effort to alert invitees of the dangerous condition(s) that existed.

I.)    Failing to address in a timely manner prior complaints about the water slide prior to Plaintiff's injury.

J.)    Violating various ordinances regulations, codes, rules, statutes and/or laws of Monroe County of the Commonwealth of Pennsylvania and Federal Government: and/or

K.)    Acting negligently, carelessly, recklessly under circumstances where knowledge of such is within the exclusive knowledge of Defendant and that will be learning through discovery.

L.)    As a direct and proximate result of the aforementioned incident and the resulting injuries and damages, Plaintiff, Amanda Bortz, sustained serious and severe injuries to her left arm and elbow, resulting in several injections and ultimately surgery on July 29, 2019, humiliation, emotional and psychological pain and suffering, emotional distress, possible accelerated arthritis, physical pain and suffering, scarring, weakness, embarrassment and disfigurement - all of which injuries and damages are and/or may be permanent in nature.

M.)    As a direct and proximate result of the aforementioned incident and resulting injuries and damages. Plaintiff, Amanda Bortz suffered and/or suffers and/or will continue to suffer in the future a loss of earnings and her earning power has been and/or may be diminished and lessened.

-11-

N.)   As a direct and proximate result of the aforementioned incident and resulting damages, Plaintiff, Amanda Bortz, has incurred and may incur future medical expenses and income losses she may be entitled to recover.

WHEREFORE, Plaintiff, Amanda Bortz demands against Defendant, Kalahari Resorts PA, LLC damages in excess of $75,000.00 exclusive of costs, interests, delay damages and other such relief as this Honorable Court may deem just and proper.

## COUNT III:
## LOSS OF CONSORTIUM:

### PLAINTIFF, DAVID BORTZ VS. ALL DEFENDANTS:

35.)   Paragraphs 1 through 34 of this Complaint are incorporated herein by reference as though fully set forth at length.

36.)   As a result of the negligence of Defendant as previously described, directly and proximately resulting in the aforementioned injuries to Plaintiff, Amanda Bortz, Plaintiff, David Bortz has been, and may be in the future deprived of the assistance, help, support, services, affection, society, consortium, and companionship of his lawful wife, Amanda Bortz, all to his detriment and loss.

37.)   Plaintiff, David Bortz was legally married to Plaintiff, Amanda Bortz prior to and on December 27, 2018.

-12-

38.)    Plaintiff-Husband, David Bortz remains legally married to Plaintiff, Amanda Bortz at the time of the filing of this pleading.

WHEREFORE, Plaintiff, David Bortz demands judgment in his favor and against all Defendants in an amount in excess of $75,000.00 together with such other relief as this Honorable Court may deem just and fair.

RESPECTFULLY SUBMITTED:

DATE: DECEMBER 23,  2020          BY: _____

WILLIAM P. FEDULLO, ESQUIRE
ATTORNEY FOR PLAINTIFFS,
AMANDA BORTZ & DAVID BORTZ, H/W
ATTORNEY I.D. NO. 23681
1528 WALNUT STREET
SUITE 400
PHILADELPHIA, PA  19102
(215) 235-6500
E-MAIL:  williamfedullo@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA BORTZ AND<br>DAVID BORTZ, H/W<br>480 CHARTER COURT<br>WESTMINSTER, MARYLAND 21157 | : <br> : <br> : <br> : | |
| *PLAINTIFFS* | : | **CIVIL ACTION -** |
| VS. | : | **NO.** |
| | : | |
| KALAHARI RESORTS AND CONVENTIONS<br>250 KALAHARI BOULEVARD<br>POCONO MANOR, PA 18349 | : <br> : <br> : | |
| *DEFENDANT* | : | |
| AND | : | |
| | : | |
| KALAHARI RESORTS PA, LLC<br>919 NORTH MARKET STREET<br>SUITE 950<br>WILMINGTON, DELAWARE 19801 | : <br> : <br> : <br> : | ***JURY TRIAL DEMANDED*** |
| *DEFENDANT* | : | |

## CERTIFICATE OF COMPLIANCE

I, **WILLIAM P. FEDULLO, ESQUIRE,** certify that this filing complies within the provisions

of the *Public Access Policy of the United States System of Pennsylvania:* Case records of the

appellate and trial courts that require filing confidential information and document different

than non-confidential information and documents.

Respectfully submitted:

DATE: DECEMBER 23, 2020          BY: _____

WILLIAM P. FEDULLO, ESQUIRE
ATTORNEY FOR PLAINTIFFS,
AMANDA BORTZ & DAVID BORTZ, H/W
ATTORNEY I.D. NO. 23681
1528 WALNUT STREET
SUITE 400
PHILADELPHIA, PA  19102
(215) 235-6500
E-MAIL: williamfedullo@gmail.com